UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                  :

ROSEANN CRAWLEY,               :

                              :

                   Plaintiff,     :

                              :

           v.               :

                              :

MACY'S RETAIL HOLDINGS, INC.,   :

                              :

                   Defendant.  :

                              :

------------------------------------------------------X

| USDC SDNY |
| :--- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:  November 29, 2016 |

15 Civ. 2228 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

Plaintiff Roseann Crawley insists that she was entitled to a 35-cents-per-hour raise in 2010.  Her employer, Defendant Macy's Retail Holdings, Inc. ("MRH"),[1] argues that Crawley was ineligible for that raise because of workplace disciplinary issues.  But Crawley maintains that the *actual* reason she was denied this pay raise is that MRH discriminated against her because of her gender.  In 2015, Crawley — proceeding *pro se* — sued MRH under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290 to 301. In 2016, Crawley added to her Complaint a claim for relief under the Equal Pay Act of 1963 (the "EPA"), 29 U.S.C. § 206(d).  She seeks to recover lost wages and an additional $500,000 in damages.

---

[1]     In her Complaint, Crawley erroneously refers to MRH as "Macy's East."  The Clerk of Court is instructed to amend the caption as reflected above.

Pending before the Court is MRH's motion to dismiss Crawley's Complaint under Federal Rule of Civil Procedure 12(b)(6).  MRH raises two grounds for dismissal.  First, MRH argues that Crawley is precluded from bringing this suit, because in 2014 she unsuccessfully arbitrated her pay-raise dispute with MRH.  On the current record, the Court disagrees.  Second, on the merits, MRH contends that Crawley's Title VII, NYSHRL, and EPA arguments are all unavailing.  This argument fares better.  Crawley has failed to state a claim under Title VII or the NYSHRL.  However, the Court concludes that Crawley's EPA claim survives.  Thus, for the reasons set forth in the remainder of this Opinion, MRH's motion to dismiss is granted in part and denied in part.

## BACKGROUND[2]

### A.    Factual Background

Crawley's Complaint provides little in the way of background, and the sequence of events preceding this lawsuit is convoluted.  But Crawley's

---

[2]  This Opinion draws on facts from three sources.  The first is Plaintiff's Complaint ("Compl.," Dkt. #1), and for the purpose of assessing MRH's motion to dismiss, the Court assumes that the facts therein are true.  *See, e.g.*, *Peralta* v. *St. Luke's Roosevelt Hosp.*, No. 14 Civ. 2609 (KPF), 2015 WL 3947641, at *1 n.1 (S.D.N.Y. June 26, 2015).  Second, in lieu of filing an amended complaint, Plaintiff submitted to the Court several documents related to her case.  In an Order dated July 5, 2016 (Dkt. #46), the Court construed those documents as an Addendum to Plaintiff's Complaint ("Addendum," Dkt #45), and accordingly the Court will cite facts from the Addendum.  Finally, because MRH has raised res judicata and collateral estoppel defenses, the Court will take judicial notice of Crawley's demand for arbitration ("Demand," Dkt. #53-1) and the arbitration award that allegedly precludes Crawley from litigating this suit ("Arbitration Award," Dkt. #53-2).  *See Charles Schwab & Co.* v. *Retrophin, Inc.*, No. 14 Civ. 4294 (ER), 2015 WL 5729498, at *7 (S.D.N.Y. Sept. 30, 2015) (when deciding motion to dismiss, court may take judicial notice of arbitration award to evaluate its preclusive effect *vel non*).  For ease of reference, the Court refers to MRH's memorandum in support of its motion to dismiss as "Def. Br." (Dkt. #54), Crawley's response as "Pl. Opp." (Dkt. #57), and MRH's reply memorandum as "Def. Reply" (Dkt. #59).

motivation for suing MRH is clear:  She did not receive a pay raise in 2010, and her similarly situated male co-worker, John Mullady, did.  (Compl. 3; Addendum 13-16).  In 2014, an arbitrator concluded that Crawley was ineligible for a raise in 2010, because at that time she was on Decision Making Leave ("DML") following an altercation with her manager.  This suit followed.

### 1.     Crawley's Pre-Arbitration Employment History

MRH hired Crawley in September 2004, and hired Mullady about two years later.  (Addendum 5-6).  Although Crawley began working at MRH before Mullady, she did not have "seniority" over him.  (*Id.* at 6).  Crawley and Mullady performed "the same job" at MRH.  (*Id.* at 4, 16).  Just what that job entailed is not apparent from the record, but it seems that Crawley and Mullady worked at a Macy's department store under the immediate supervision of a "merchandising manager," Albert Burzzo.  (*Id.* at 6).

By Crawley's account, Mullady was not a model employee.  Although the two were assigned to work a morning shift (5:30 a.m. to 9:30 a.m.), Mullady regularly arrived as late as 8:00 a.m.  (Addendum 7).  And when Mullady did show up, he performed little work, forcing Crawley and another co-worker, Kathleen Kaletcher, to "carry[] the load."  (*Id.* at 8).  At first, Crawley was fine with Mullady shirking his responsibilities; she considered him a friend.  (*Id.* at 6).  But over time, Crawley grew frustrated with Mullady and with Burzzo, who let Mullady "do anything he wanted."  (*Id.* at 6-7).  To make matters worse, Crawley recalls that on one occasion, Burzzo chastised Crawley and Kaletcher

3

for "chitchatting" on the job — even though Burzzo and Mullady had been talking about football moments before.  (*Id.* at 7).

After that incident, Crawley went to her store's manager, Debbie Dunne, to complain about Mullady's tardiness and Burzzo's sanction of the same. (Addendum 7, 39).  Crawley was "persistent" — she raised these issues with Dunne "on a weekly basis."  (*Id.* at 8).  When Dunne proved unresponsive, Crawley took her complaints to MRH's Human Resources department.  (*Id.*). Years later (Crawley does not provide a more precise date), MRH terminated Mullady for his attendance issues.  (*Id.* at 20-21).

Along the way, Crawley had workplace issues of her own.  In 2010, and again in 2011, Crawley allegedly threatened Dunne while on the job. (Addendum 9-11, 39).  Crawley maintains that, on both occasions, she was complaining to Dunne about Mullady and Burzzo, and Dunne simply misconstrued Crawley's complaints as threats.  (*Id.* at 9-13, 39).  As a result of these incidents, Crawley received two disciplinary letters from MRH: one in 2010 (the "2010 Letter") and another in 2011 (the "2011 Letter").  (*Id.*).  The 2011 Letter warned Crawley that she risked being terminated if she violated any MRH policies in the future.  (*Id.* at 39).  As a result of receiving the 2011 Letter, Crawley was placed on DML, although she continued to work at MRH. (*Id.*).

## 2.     Crawley's Arbitration with MRH

Crawley did not receive a merit pay raise in 2010.  (Addendum 13).[3]
Mullady did — even though at that time, MRH was investigating Mullady for
being persistently tardy.  (Compl. 3; Addendum 13-14).

On March 28, 2013, Crawley, pursuant to MRH's internal alternative-
dispute-resolution program, filed a demand for arbitration with the American
Arbitration Association.  (Addendum 24, 45; Demand).  On April 25, 2014,
Crawley represented herself at an evidentiary hearing before a single arbitrator.
(Addendum 26; Arbitration Award).

The precise nature of the claim Crawley pursued during her arbitration
with MRH (the "Arbitration") is not apparent from the record.  The Arbitration
Award (which is one-and-a-half-pages long) characterizes Crawley's claim as
follows:  "Crawley brought this arbitration … claiming that she was entitled to
a merit increase of 35 cents an hour for 2010."  (Arbitration Award 1).
However, it is unclear whether Crawley alleged that she did not receive that
merit increase because MRH had engaged in sex discrimination, as she does in
the instant case.

---

[3]     The Arbitration Award provides:  "[D]ue to having been placed on DML [on February 16, 2011], Ms. Crawley was ineligible for a 2010 merit increase."  (Arbitration Award 2). The Court admits confusion as to the effect that Crawley's DML status had on her wages:  How could Crawley's DML status in 2011 render her ineligible for a pay raise in 2010?  However, the factual summary MRH provides in its brief aligns with the Arbitration Award's timeline.  (Def. Br. 1 ("Crawley filed a demand for arbitration … claiming that [MRH] improperly denied her a raise in 2010[.]")).  Because Crawley has not offered a competing sequence of events, the Court will assume that MRH denied Crawley a raise in *2010*, not 2011.

At the evidentiary hearing, MRH argued that Crawley was ineligible for a pay raise in 2010 because, at that time, she was on DML as a result of receiving the 2011 Letter.  (Arbitration Award 1).  In support of this argument, MRH cited its "rules governing eligibility for 2010 merit increases," which rules provided "that Regular associates placed on DML for performance or attendance on or after November 1, 2010 [were] not eligible for a merit increase."  (*Id.* (internal quotation marks omitted)).  Crawley argued that her DML status "was not warranted," because she never threatened Dunne.  (*Id.* at 1-2).

The arbitrator sided with MRH.  (Arbitration Award 2).  She concluded that MRH "did not act unlawfully in placing … Crawley on DML," and that as a result, "Crawley was ineligible for a 2010 merit increase."  (*Id.*).  The arbitrator added that Crawley had received pay raises in 2011 and 2012, which "suggest[ed] that [MRH] ha[d] not engaged in a pattern of treating Ms. Crawley in an unfair manner."  (*Id.*).

## B.    Procedural Background

The Equal Employment Opportunity Commission issued Crawley a Notice of Right to Sue letter on February 19, 2015.  (Compl. 4).  Crawley filed her Complaint against MRH on March 24, 2015.  (*Id.* at 1).[4]  In her Complaint, Crawley described the facts of her case as follows:  "While [MRH] was

---

[4]    Crawley's Complaint also named Michael Kreitman, Senior Counsel for Macy's Law Department, as a defendant.  (Compl. 1; Addendum 45).  At a pretrial conference on April 28, 2016, Crawley conceded that Kreitman was not a necessary defendant in this case.  (Addendum 18).  Accordingly, in an Order dated April 28, 2016 (Dkt. #31), the Court dismissed Crawley's Complaint as to Kreitman.

performing an arbitration investigation against John Mullad[y] (Former Employer), John was still granted his pay raise, while I was declined because of a[] disciplinary letter from Debra Dunn[e], fals[e]ly stating I was insubordinate." (*Id.* at 3).  The Complaint sought relief under Title VII and the NYSHRL.  (*Id.* at 1).

The Court held a pretrial conference on April 28, 2016, at which Crawley provided additional facts about her case.  (Addendum 1).  At the conference, Crawley also appeared to add to her Complaint a claim for relief under the EPA. (*Id.* at 4, 27-28).  When asked why she believed that MRH's refusal to raise her pay in 2010 was the result of gender discrimination, Crawley responded that she and Mullady "were both equal as far as the job," and were performing "the same job" at MRH.  (*Id.* at 16).  But Crawley added that she was not sure that "gender" could explain why Mullady received a raise and she did not.  (*Id.* at 14).  Crawley also clarified that Mullady, unlike herself, had *not* received any disciplinary letters from MRH.  (*Id.* at 14-15).  And Crawley conceded that this difference between them — that Crawley had received two disciplinary letters, while Mullady had received none — had nothing to do with their respective genders.  (*Id.* at 16-17).

MRH moved to dismiss Crawley's Complaint on August 18, 2016.  (Def. Br.).  Crawley responded on August 29, 2016 (Pl. Opp.), and MRH filed a reply on October 17, 2016 (Def. Reply).

## DISCUSSION

### A.    Applicable Law

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)).

"While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [a plaintiff's] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (per curiam) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Two recent Second Circuit opinions — *Vega* v. *Hempstead Union Free School District*, 801 F.3d 72 (2d Cir.

8

2015), and *Littlejohn* v. *City of New York*, 795 F.3d 297 (2d Cir. 2015) — shed light on what constitutes a "plausible" gender-discrimination claim.  The Court will explore both cases more fully at Section B.2.a below.

In a *pro se* case, the court must take an additional step and liberally construe the *pro se* party's pleadings "to raise the strongest arguments that they suggest."  *McPherson* v. *Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos* v. *Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  This obligation "applies with particular force" here because Crawley alleges that MRH violated her "civil rights."  *Jackson* v. *N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010).

## B.    Analysis

MRH asserts that there are two reasons why this Court should dismiss Crawley's Complaint.  First, MRH argues that res judicata and collateral estoppel bar Crawley from bringing this suit, because Crawley has already unsuccessfully arbitrated her claim that she deserved a pay raise in 2010.  Second, MRH argues that Crawley's Title VII, NYSHRL, and EPA claims lack merit.

MRH's first argument is unavailing, because the record is too thin to determine whether the Arbitration Award precludes Crawley from suing MRH here.  MRH's merits argument has more force.  Crawley has failed to state a claim for gender discrimination under Title VII or the NYSHRL.  However, Crawley has stated a claim for relief under the EPA.  Accordingly, the Court will

grant MRH's motion to dismiss as to Crawley's Title VII and NYSHRL claims, but deny it as to Crawley's EPA claim.

### 1.   Neither Res Judicata Nor Collateral Estoppel Precludes Crawley from Suing MRH

MRH argues that Crawley is barred from bringing this suit under the doctrines of res judicata and collateral estoppel.  The Arbitration Award, MRH contends, decided conclusively that Crawley did not receive a pay raise in 2010 because she was on DML, and it thus precludes Crawley from arguing that MRH denied her that raise because of her gender.

This is an intuitively appealing argument, because there appears to be little daylight between the instant case and the Arbitration.  And "[i]t is well-settled that the doctrines of res judicata and collateral estoppel can be predicated on arbitration proceedings."  *Siddiqua* v. *N.Y. State Dep't of Health*, 642 F. App'x 68, 70 (2d Cir. 2016) (summary order).  But apart from the Arbitration Award itself, which is a mere page and a half long, the record is bereft of any evidence substantiating MRH's preclusion defenses.  At this stage, MRH's res judicata and collateral estoppel arguments are premature.  The Court addresses each in turn.

### a.   The Limited Record in This Case Does Not Support MRH's Res Judicata Defense

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *TechnoMarine SA* v. *Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (emphasis omitted) (quoting *St.*

*Pierre* v. *Dyer,* 208 F.3d 394, 399 (2d Cir. 2000)).  "To prove the affirmative defense[,] a party must show that [i] the previous action involved an adjudication on the merits; [ii] the previous action involved the plaintiffs or those in privity with them; [and] [iii] the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Monahan* v. *N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).  In assessing whether MRH has satisfied this third element — i.e., whether it has proven an identity of claims — the Court evaluates whether the claims Crawley brings in the instant case arise from the same "nucleus of operative fact" as the claims she asserted in the Arbitration.  *Waldman* v. *Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000 (quoting *Interoceanica Corp.* v. *Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997)).

MRH has satisfied the first two elements of a successful res judicata defense:  the Arbitration (i) resulted in an adjudication on the merits, and (ii) involved the same parties as the instant litigation.   But MRH has not satisfied the third element.  To establish that res judicata precludes Crawley from suing MRH here, MRH must demonstrate that Crawley asserted, or could have asserted, Title VII, NYSHRL, and/or EPA claims during the Arbitration. *Monahan*, 214 F.3d at 285.  MRH has made neither showing.

To start, nothing in the record establishes that Crawley raised gender-discrimination claims of any sort during the Arbitration.  To the contrary, the Arbitration Award suggests that Crawley raised a substantively distinct claim:

that she never threatened Dunne, and thus did not deserve to be placed on DML in 2011.  (Arbitration Award 1-2).

It is equally unclear that Crawley *could have* raised gender-discrimination claims in the Arbitration.  MRH insists that Crawley signed a binding arbitration clause as a condition of her employment (Def. Br. 1), but that clause is not in the record.  There is thus no way for the Court to determine whether the arbitrator who presided over the Arbitration was empowered to consider gender-discrimination claims.  *Cf. Siddiqua*, 642 F. App'x at 70-71 (reversing district court's dismissal of complaint on res judicata grounds, where federal statutory claims plaintiff raised in her complaint were outside the scope of her collective-bargaining agreement).  Perhaps the arbitration clause Crawley signed (if, indeed, she signed one) exempted such claims from arbitration, in which case Crawley would be entitled to raise them in this Court.

In the face of these ambiguities surrounding the conditions under which Crawley arbitrated her pay-raise dispute, the Court cannot determine whether res judicata precludes Crawley from bringing Title VII, NYSHRL, and/or EPA claims against MRH here.  The Court thus declines to dismiss Crawley's Complaint on this basis.

### b. The Record Is Also Too Limited to Support MRH's Collateral Estoppel Defense

Collateral estoppel, or "issue preclusion ... forecloses 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in

the context of a different claim.'"  *Schwartz* v. *HSBC Bank USA, N.A.*, 160 F.
Supp. 3d 666, 674 (S.D.N.Y. 2016) (quoting *Taylor* v. *Sturgell*, 553 U.S. 880,
892 (2008)).  "For collateral estoppel to apply, four elements must be satisfied:
'[i] the issues of both proceedings must be identical, [ii] the relevant issues were
actually litigated and decided in the prior proceeding, [iii] there must have been
full and fair opportunity for the litigation of the issues in the prior proceeding,
and [iv] the issues were necessary to support a valid and final judgment on the
merits."  *Id.* (internal quotation marks omitted) (quoting *Cent. Hudson Gas &
Elec. Corp.* v. *Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995)).

     MRH's collateral estoppel argument fails from the start.  The record in
this case is not sufficiently developed to establish that Crawley's Arbitration
and the instant litigation share an "identical" issue:  that MRH denied Crawley
a pay raise in 2010 because it discriminated against her on the basis of her
gender.  Again, nothing in the Arbitration Award suggests that Crawley raised
this issue in the Arbitration.  Nothing in the Arbitration Award indicates that
the arbitrator even considered this issue.  Rather, the arbitrator concluded that
MRH "did not act unlawfully in placing Ms. Crawley on DML" (Arbitration
Award 2), a determination that does not speak to the gender-discrimination
claims that Crawley raises in her Complaint.

     MRH argues that the Arbitration Award estops Crawley "from litigating
whether [MRH's] decision not to give a raise to [Crawley] in 2010 was lawful."
(Def. Br. 10).  But that claim rests on a rhetorical sleight of hand:  Crawley's
arbitrator determined that MRH's decision *to place Crawley on DML* was lawful.

(Arbitration Award 2).  Crediting MRH's argument would require the Court to abstract from the arbitrator's actual conclusion (Crawley's DML status was warranted) to reach a much broader result (Crawley categorically cannot challenge the lawfulness of MRH's refusal to raise her pay in 2010).  With nothing in the record to suggest that Crawley's arbitrator considered whether MRH discriminated against Crawley, the Court is unwilling to make this leap. Accordingly, MRH's collateral estoppel defense fails.[5]

> ## 2.   Although Crawley Has Failed to State a Claim for Relief Under Title VII or the NYSHRL, She Has Stated a Claim for Relief Under the EPA

Because the Arbitration Award does not preclude Crawley from suing MRH, the Court turns to the merits of Crawley's Complaint.  To review, Crawley raises three causes of action:  (i) Title VII, (ii) the NYSHRL, and (iii) the EPA. Because "[c]laims brought under [the NYSHRL] are analytically identical to claims brought under Title VII," *Pryor* v. *Jaffe & Asher, LLP*, 992 F. Supp. 2d 252, 256 (S.D.N.Y. 2014) (quoting *Torres* v. *Pisano,* 116 F.3d 625, 629 n.1 (2d Cir. 1997)), the Court will consider jointly Crawley's Title VII and NYSHRL claims in Section B.2.a.  The EPA, however, is analytically distinct from Title VII and the NYSHRL; as relevant here, "whereas a Title VII claim requires a showing of intentional discrimination[,] … EPA claims do not."  *Barrett* v. *Forest*

---

[5]     Although MRH's res judicata and collateral estoppel defenses are premature, the Court recognizes that a more fulsome record of the Arbitration may ultimately substantiate either or both of MRH's preclusion arguments.  If full disclosure of the Arbitration record would accomplish this end, MRH should consider submitting an appropriately tailored request for targeted discovery.

*Labs., Inc.*, 39 F. Supp. 3d 407, 434 n.9 (S.D.N.Y. 2014).  In turn, the Court will assess separately the merits of Crawley's EPA claim in Section B.2.b.

### a.     Crawley Has Failed to State a Claim for Relief Under Title VII or the NYSHRL

Crawley alleges that MRH violated her rights under Title VII and the NYSHRL when it denied her a pay raise in 2010.  Her allegations sound in an individual "Title VII disparate treatment claim[], ... which follow[s] the familiar ... burden-shifting framework" delineated in *McDonnell Douglas Corporation* v. *Green*, 411 U.S. 792 (1973).  *Reynolds* v. *Barrett*, 685 F.3d 193, 202 (2d Cir. 2012); *see also Lenart* v. *Coach Inc.*, 131 F. Supp. 3d 61, 65-66 (S.D.N.Y. 2015) ("Discrimination claims brought under Title VII and the NYSHRL are evaluated under the burden-shifting framework established by *McDonnell Douglas*[.]").  Under this framework, to establish "a prima facie case of discrimination," Crawley must allege that:  (i) she was a member of "a protected class"; (ii) she was qualified "for the job benefit at issue"; (iii) "she was subjected to adverse employment actions"; and (iv) "these actions were taken under circumstances giving rise to an inference of discrimination."  *Gregory* v. *Daly*, 243 F.3d 687, 695 (2d Cir.), *as amended*, (Apr. 20, 2001) (internal quotation marks and citation omitted).  MRH argues that Crawley has not satisfied this fourth element, because she has not adduced any evidence that would "support remotely any inference, however small, of discriminatory motivation" on MRH's part.  (Def. Br. 12).  The Court agrees.

Until last year, "there was ... uncertainty in this [C]ircuit regarding the" burden a Title VII/NYSHRL plaintiff must satisfy in order to survive a motion to

dismiss.  *Alfaro-Flecha* v. *ORC Int'l, Inc.*, No. 15 Civ. 1402 (AJN), 2016 WL
67722, at *3 (S.D.N.Y. Jan. 5, 2016).  The Second Circuit, however, settled this
uncertainty in a pair of opinions, *Littlejohn* and *Vega*.  Both instruct that a
plaintiff need not allege facts that "give plausible support to the ultimate
question of whether [a defendant's] adverse employment action was
attributable to discrimination."  *Littlejohn*, 795 F.3d at 311; *accord Vega*, 801
F.3d at 84.  Rather, at the motion-to-dismiss stage, a plaintiff's burden is more
relaxed:  She need only allege facts that "give plausible support to a *minimal
inference* of discriminatory motivation."  *Littlejohn*, 795 F.3d at 311 (emphasis
added); *accord Vega*, 801 F.3d at 84.

    *Littlejohn* and *Vega* thus narrow the question the Court must answer at
this juncture:  Do the facts in Crawley's Complaint give "plausible support to a
minimal inference" that MRH discriminated against Crawley because of her
gender?  Even with this forgiving pleading standard in Crawley's favor, and
despite the fact that Crawley brings this action *pro se*, the answer is "no."

    The sum total of Crawley's claim that MRH discriminated against her is
this:  Crawley did not receive a pay raise in 2010, but Mullady, a man, did.
However, "to raise even [a] minimal inference" that this difference between
Crawley and Mullady was the result of actionable disparate treatment, Crawley
must allege that she is "similarly situated in all material respects" to Mullady.
*Warburton* v. *John Jay Coll. of Criminal Justice*, No. 14 Civ. 9170 (JPO), 2016
WL 3748485, at *4 (S.D.N.Y. July 7, 2016) (quoting *Henry* v. *N.Y.C. Health &
Hosp. Corp.*, 18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014)).  Crawley has not made

16

this showing.  To the contrary, Crawley concedes that there is a salient difference between herself and Mullady:  Crawley received two disciplinary letters from MRH, one of which had the effect of placing her on DML, while Mullady received no disciplinary letters.

Although this difference between Crawley and Mullady is enough to defeat Crawley's claims of discrimination under Title VII and the NYSHRL, one more point bears mention here.  Crawley admits that the fact that she received two disciplinary letters, while Mullady received none, has nothing to do with their respective genders.  (Addendum 16-17).  "The sine qua non of a gender-based discrimination action claim ... is that the discrimination must be because of sex." *Moccio* v. *Cornell Univ.*, 889 F. Supp. 2d 539, 574 (S.D.N.Y. 2012) (quoting *Patane* v. *Clark,* 508 F.3d 106, 111 (2d Cir. 2007)), *aff'd*, 526 F. App'x 124 (2d Cir. 2013) (summary order).  Not so here.  Nothing in the record suggests that MRH's motivation in denying Crawley a pay raise in 2010 was related to Crawley's sex.

In sum, Crawley has not alleged facts supporting a minimal inference that MRH committed gender discrimination when it denied her a raise in 2010. Consequently, the Court must dismiss Crawley's Title VII and NYSHRL claims.

### b.   Crawley Has Stated a Claim for Relief Under the EPA

Crawley's only remaining allegation is that MRH violated the EPA. Although Crawley cannot make out a cognizable Title VII or NYSHRL claim because she has not established that MRH acted with discriminatory motivation when it denied her a pay raise, the EPA does not require Crawley to

17

demonstrate that MRH acted with "discriminatory intent." *Klein* v. *N.Y. Univ.*, 786 F. Supp. 2d 830, 850 (S.D.N.Y. 2011).  And because Crawley has plausibly alleged that MRH violated the EPA, her EPA claim survives MRH's motion to dismiss.

"Congress passed the EPA in 1963 'to legislate out of existence a long-held, but outmoded societal view that a man should be paid more than a woman for the same work.'" *E.E.O.C.* v. *Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (quoting *Belfi* v. *Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999)).  To establish a prima facie EPA case, a plaintiff must make three showings:  "[i] the employer pays different wages to employees of the opposite sex; [ii] the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and [iii] the jobs are performed under similar working conditions." *Chiaramonte* v. *Animal Med. Ctr.*, No. 13 Civ. 5117 (KPF), 2014 WL 3611098, at *3 (S.D.N.Y. July 22, 2014) (citation omitted).  In order to survive a motion to dismiss, however, an EPA plaintiff is not required to "allege facts establishing each element of a prima facie case." *Port Auth. of N.Y.*, 768 F.3d at 254; *accord Leibowitz* v. *Cornell Univ.*, 445 F.3d 586, 593 (2d Cir. 2006) (per curiam).  Rather, at this stage, a plaintiff "must at a minimum assert nonconclusory factual matter sufficient to nudge [her] claims across the line from conceivable to plausible." *Port Auth. of N.Y.*, 768 F.3d at 254 (internal quotation marks and alterations omitted).

Crawley has plausibly alleged that MRH violated the EPA.  Looking to the three elements of a prima facie EPA case, which "provide an outline of what is

18

necessary to render a plaintiff's claims for relief plausible," *Carter* v. *Verizon*, No. 13 Civ. 7579 (KPF), 2015 WL 247344, at *5 (S.D.N.Y. Jan. 20, 2015), the Court concludes that Crawley has carried her pleading burden.

First — drawing every inference in Crawley's favor and mindful that she is representing herself — Crawley has alleged that MRH paid "different wages" to Mullady and Crawley. *Chiaramonte*, 2014 WL 3611098, at *3. True, Crawley does not specify the precise wages that she and Mullady received. But Crawley has alleged that she and Mullady worked the same job, during the same shift, at the same Macy's store, under the same supervisor. Crawley began working for MRH two years before Mullady did, but Crawley clarified that she did not enjoy seniority over him. And Crawley has alleged that Mullady received a merit raise in 2010, but Crawley did not. Put simply, Crawley has plausibly alleged that MRH paid Mullady more than Crawley in 2010.

The EPA's second and third elements are more straightforward. Crawley has plainly alleged that she and Mullady "perform[ed] equal work on jobs requiring equal skill, effort, and responsibility." *Chiaramonte*, 2014 WL 3611098, at *3. Based on the allegations in Crawley's Complaint and Addendum, Crawley and Mullady evidently filled an identical role at MRH. It is equally clear that Crawley and Mullady performed their jobs "under similar working conditions." *Id.* (internal quotation mark omitted). At the risk of belaboring the point, every material aspect of their positions apart from compensation — their hours, their location, their supervisor — appears to have

been the same.  In sum, Crawley has plausibly alleged that MRH violated the EPA.

MRH tries to resist this conclusion in two ways, but both are unavailing. First, MRH argues that Crawley "has not alleged that she [was] paid a lower total compensation than" Mullady.  (Def. Br. 14).  Although this presents a close question, as explained above, the Court concludes that Crawley has plausibly alleged that MRH paid Mullady more than Crawley.

Second, MRH argues that the Court should dismiss Crawley's EPA claim because MRH can prove one of the EPA's four affirmative defenses:  that the difference in compensation between Crawley and Mullady was due to "a factor other than sex."  (Def. Br. 15).  This argument has more teeth, but it is premature.  True, "[o]nce a plaintiff has made … a prima facie showing" that she is entitled to relief under the EPA, "the burden [of persuasion] shifts to the employer to prove that the pay differential is based on '[i] a seniority system; [ii] a merit system; [iii] a system which measures earnings by quantity or quality of production; or [iv] a differential based on any other factor other than sex.'"  *Moccio*, 889 F. Supp. 2d at 570 (emphasis omitted) (quoting 29 U.S.C. § 206(d)(1)); *see Borrero* v. *Am. Exp. Bank Ltd.*, 533 F. Supp. 2d 429, 439 (S.D.N.Y. 2008) (clarifying that burden of persuasion shifts to EPA defendant once plaintiff has proven prima facie case).  And MRH has identified a "factor other than sex" — that Crawley was on DML in 2010 and Mullady was not, which Crawley concedes had nothing to do with their genders — that may explain why Mullady received a raise and Crawley did not.

But in order to survive MRH's motion to dismiss, Crawley is not required to prove a prima facie EPA case.  *Port Auth. of N.Y.*, 768 F.2d at 254.  Crawley's burden is lower.  She must plead facts that make it plausible that MRH violated the EPA.  *Id.*  Crawley can thus avoid dismissal without shifting the burden of persuasion to MRH, which is the triggering event that would allow MRH to avail itself of the EPA's four affirmative defenses.  *Moccio*, 889 F. Supp. at 570.  Put another way:  the EPA's affirmative defenses do not come into play at the motion-to-dismiss stage.  MRH's "factor other than sex" argument is more properly reserved for summary judgment.  It is inapposite here.

Accordingly, Crawley has stated a claim for relief under the EPA.  MRH's motion to dismiss is denied as to this claim.

## CONCLUSION

For the foregoing reasons, MRH's motion to dismiss is GRANTED IN PART and DENIED IN PART.  All claims but Plaintiff's EPA claim are dismissed. The Clerk of Court is directed to terminate the motion at Docket Entry 52.

The parties are directed to appear before the Court for a status conference on **December 29, 2016, at 10:00 a.m.**  The parties are further directed to submit a joint status letter and Proposed Civil Case Management Plan and Scheduling Order, the template of which is available on the Court's website, no later than **December 22, 2016**.

SO ORDERED.

Dated:      November 29, 2016
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

21

*A copy of this Order was mailed by Chambers to:*

Roseann Crawley
656 Veterans Highway
Apt. 1C
Hauppauge, NY 11788