USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 11, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                 :
ROSEANN CRAWLEY,                   :
                                                 :
                            Plaintiff,       :       15 Civ. 2228 (KPF)
                                                 :
                   v.                                :       OPINION AND ORDER
                                                 :
MACY'S RETAIL HOLDINGS, INC.,    :
                                                 :
                                      Defendant.     :
                                                 :
------------------------------------------------------- X

KATHERINE POLK FAILLA, District Judge:

     This is the third, and final, dispositive motion in Plaintiff Roseann Crawley's long-running dispute with Defendant Macy's Retail Holdings, Inc. regarding the terms and conditions of her employment. In *Crawley* v. *Macy's Retail Holdings, Inc.*, No. 15 Civ. 2228 (KPF), 2016 WL 6993777 (S.D.N.Y. Nov. 29, 2016) ("*Crawley I*"), this Court dismissed claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290 to 301. What survived was Plaintiff's claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (the "EPA"). *Id.*

     In *Crawley* v. *Macy's Retail Holdings, Inc.*, No. 15 Civ. 2228 (KPF), 2017 WL 2297018 (S.D.N.Y. May 25, 2017) ("*Crawley II*"), the Court granted Defendant's motion to compel arbitration of Plaintiff's EPA claim upon finding that it "falls squarely within the parties' binding arbitration agreement[.]" *Id.* at *1. The parties arbitrated Plaintiff's EPA claim before the American Arbitration

Association ("AAA") in May 2017. On December 4, 2017, the arbitrator issued a decision finding that the claim was barred by the doctrines of claim and issue preclusion.

Pending before the Court is Defendant's motion to dismiss Plaintiff's EPA claim in this case. For the reasons set forth below, the Court is constrained to grant Defendant's motion in full.

## BACKGROUND[1]

### A. Factual Background

The Court discusses the underlying facts in this case only to the extent necessary to resolve the instant motion and to provide relevant context, as the Court has twice previously engaged in more exhaustive factual recitations. *See Crawley I*, 2016 WL 6993777, at *2-3; *Crawley II*, 2017 WL 2297018, at *1-3.

This lawsuit stems from Defendant's decision not to grant Plaintiff a 35-cents-per-hour raise in 2010. *Crawley I*, 2016 WL 6993777, at *2. Plaintiff claims that Defendant provided a similarly situated male co-worker with a pay raise, and that the only reason she was denied the same raise is that

---

[1] This Opinion draws on facts from three sources. The first is Plaintiff's Complaint ("Compl." (Dkt. #1)), and for the purpose of assessing Defendant's motion to dismiss, the Court assumes that the facts therein are true. *See In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (per curiam). Second, in lieu of filing an amended complaint, Plaintiff submitted several documents related to her case. In an Order dated July 5, 2016 (Dkt. #46), the Court construed those documents as an Addendum to Plaintiff's Complaint ("Addendum" (Dkt #45). Finally, because Defendant has raised *res judicata* and collateral estoppel defenses, the Court will take judicial notice of Plaintiff's most recent demand for arbitration ("Demand" (Dkt. #95-1)) and the arbitration award that resulted ("Arbitration Award" (Dkt. #95-2)). *See Charles Schwab & Co.* v. *Retrophin, Inc.*, No. 14 Civ. 4294 (ER), 2015 WL 5729498, at *7 (S.D.N.Y. Sept. 30, 2015) (noting that when deciding motion to dismiss, a court may take judicial notice of arbitration awards to evaluate their preclusive effect, if any). For ease of reference, the Court refers to Defendant's opening brief as "Def. Br." (Dkt. #96); Plaintiff's response as "Pl. Opp." (Dkt. #102); and Defendant's reply as "Def. Reply" (Dkt. #103).

Defendant discriminated against her because of her gender. *Id.* at *1-2. Defendant, for its part, maintains that Plaintiff was ineligible for the raise because of workplace disciplinary issues. *Id.* at *1.

In 2013, before filing the Complaint in this matter, Plaintiff demanded that Defendant submit to arbitration, a demand to which Defendant acceded. *Crawley I*, 2016 WL 6993777, at *3. In 2014, following an evidentiary hearing, an arbitrator concluded that Plaintiff was ineligible for a pay raise in 2010 because of workplace disciplinary issues. *Id.* Plaintiff then brought suit in this Court, advancing claims under Title VII, the NYSHRL, and the EPA. Defendant moved to dismiss the Complaint on August 18, 2016, arguing that the doctrines of claim and issue preclusion barred Plaintiff's claims, and that Plaintiff had failed to state a claim on which relief could be granted. (Dkt. #54). In *Crawley I*, the Court rejected Defendant's preclusion arguments, but granted Defendant's motion as to the Title VII and NYSHRL claims after finding that Plaintiff had failed to state a claim for relief under either statute. *Id.* at *6. The Court allowed the EPA claim to go forward after finding that Plaintiff had plausibly alleged an EPA violation, and that "nothing in the record suggests that [Plaintiff] raised gender-discrimination claims of any sort during the [2014 a]rbitration" or that she "*could have* raised [those] claims in the [a]rbitration." *Id.* at *5, *8, *9.

On January 13, 2017, Defendant moved to compel arbitration of Plaintiff's EPA claim. (Dkt. #66). In *Crawley II*, the Court granted Defendant's motion over Plaintiff's objection, finding that "Plaintiff's EPA claim falls

squarely within the parties' binding arbitration agreement[.]" 2017 WL 2297018, at *1. Plaintiff thereafter commenced an arbitration in the AAA to resolve her EPA claim against Defendant. On December 4, 2017, the arbitrator issued a Ruling on Summary Judgment, dismissing Plaintiff's EPA claim as barred under the doctrine of *res judicata*. The arbitrator explained that, "[g]iven the precepts of the doctrine of *res judicata*, the material facts of this case are not at issue as they have previously been found to be without merit. Thus, a dismissal as a matter of law is warranted." (Dkt. #95-2 at 3-4).

**B.     Procedural Background**

By Order dated December 20, 2017, the Court directed the parties to advise the Court of their views as to the effect of the arbitrator's ruling on this litigation. (Dkt. #85). In its response, Defendant requested that the Court dismiss this case with prejudice on the grounds that the arbitration decision precluded Plaintiff's EPA claim. (Dkt. #88). The Court declined to do so, noting that it could not decide the issue without more substantial briefing from the parties, and instead directed Defendant to file a proposed briefing schedule for a motion to dismiss. (Dkt. #89).

By endorsement dated April 19, 2018, the Court adopted a proposed briefing schedule, under which Defendant was required to move to dismiss by May 7, 2018; Plaintiff was to file her opposition brief by June 7, 2018; and Defendant was to file its reply by June 18, 2018. (Dkt. #93). The parties then timely filed their submissions. (Dkt. #94, 102, 103).

4

**DISCUSSION**

**A.     Applicable Law**

   **1.     Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

When considering a motion to dismiss under Rule 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan* v. *N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 554, 570 (2007)). In this regard, a complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated by reference. *See, e.g.*, *Hart* v. *FCI Lender Servs., Inc.*, 797 F.3d 219, 221 (2d Cir. 2015) (citing Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")).

"While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [a plaintiff's] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (per curiam) (quoting *Twombly*, 550 U.S. at 570). "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B.     Analysis**

Defendant seeks dismissal of the case, arguing that Plaintiff's lone EPA claim is subject to both claim and issue preclusion. In Defendant's estimation, the arbitrator has already addressed the very question pending before this Court and found that Plaintiff's EPA claim fails because "the material facts of this case are not at issue as they have previously been found to be without merit[.]" (Dkt. #95-2 at 3-4).

The Court agrees with Defendant. It begins by addressing the doctrine of claim preclusion. Application of claim preclusion requires "[i] a final judgment on the merits, [ii] by a court of competent jurisdiction, [iii] in a case involving the same parties or their privies, and [iv] involving the same cause of action." *EDP Med. Computer Sys., Inc.* v. *U.S.*, 480 F.3d 621, 624 (2d Cir. 2007) (internal citation omitted). Here, the first three elements are easily met. There is little question that the arbitrator's Ruling on Summary Judgment constitutes a judgment on the merits and that the AAA, for claim preclusion purposes, has competent jurisdiction over this case. The arbitrator issued her ruling in this

6

matter after reviewing the record and reciting the requirements for claim preclusion. (Dkt. #95-2). It is well established that (i) a summary judgment decision constitutes an adjudication on the merits for purposes of claim preclusion *see, e.g., George* v. *Nationstar Mortg., LLC*, No. 16 Civ. 261 (MKB), 2017 WL 3316065, at *6 (E.D.N.Y. Aug. 2, 2017), and (ii) arbitration proceedings may have preclusive effect in federal court, *see Siddiqua* v. *N.Y. State Dep't of Health*, 642 F. App'x 68, 70 (2d Cir. 2016) (summary order) (citing *Grand Bahama Petroleum Co.* v. *Asiatic Petroleum Corp.*, 550 F.2d 1320, 1323 (2d Cir. 1977)).

The question, then, is whether the claim before the arbitrator in 2017 was the same as that advanced in the 2014 arbitration. In *Crawley I*, this Court found that the record before it did not clearly establish that Plaintiff could have raised her equal-pay claim in the 2014 arbitration. In *Crawley II*, the Court then compelled arbitration on that very issue. After reviewing the record in the 2017 arbitration, and after considering "the precepts of the doctrine of *res judicata*," the arbitrator found that "dismissal as a matter of law is warranted" because "the material facts of this case are not at issue as they have previously been found to be without merit." (Dkt. #95-2 at 3-4). The arbitrator explained that, under New York law, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." (*Id.* at 3 (quoting *Pauk* v. *Bd. of Trustees*, 488 N.Y.S.2d 685, 687 (1st Dep't 1986)). The arbitrator further noted that "[w]hen alternative

theories are available to recover … for harm arising out of the same or related facts such as would constitute a single 'factual grouping' the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions." (*Id.* (quoting *Pauk*, 488 N.Y.S.2d at 687) (emphasis deleted)). After considering the law and the record before her, the arbitrator found that Plaintiff's EPA claim was precluded by the 2014 arbitration. In doing so, the arbitrator decided the exact issue presently before this Court. Because all four claim preclusion requirements have been met, the Court finds that Plaintiff's EPA claim is barred under the doctrine of claim preclusion.

Dismissal is also warranted under the doctrine of issue preclusion. That doctrine, which is also referred to as collateral estoppel, bars relitigation of an issue when "[i] the identical issue necessarily was decided in the prior action and is decisive of the present action, and [ii] the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans* v. *Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citations omitted). Here, each element has been met. The sole question before the arbitrator was precisely the question posed here — namely, whether the 2014 arbitration bars Plaintiff's EPA claim. That issue is decisive here. The Court notes too that Plaintiff had a full and fair opportunity to address the issue before the arbitrator, both in 2014 and in 2017. Plaintiff was present for each of the arbitration proceedings. Though Plaintiff asserts that "[t]he [arbitrator] only inquired if [she] was familiar with a brief" (Pl. Opp. 10 (internal quotation

8

marks omitted)), the Court has no reason to believe that the arbitrator in 2017 prevented Plaintiff from being heard on the viability of her EPA claim. The arbitrator held a hearing at which both parties were present, examined the very question at issue here, and found that Plaintiff's EPA claim was precluded by the 2014 arbitration. Though the Court understands that Plaintiff was satisfied with neither the process nor with the results, she cannot persuade the Court under the current law that the most recent arbitration proceeding was unfair. That law precludes Plaintiff from seeking redress for these same issues in this Court.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED. Though the Court is unable to provide Plaintiff with the relief she seeks, it appreciates the diligence and sincerity with which Plaintiff has pursued her claims.[2]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis*

---

[2] In this regard, the Court pauses to note its dismay that the arbitrator imposed on Plaintiff the full costs of the 2017 arbitration proceeding, after concluding that Plaintiff's EPA claim was "frivolous." (Dkt. #95-2 at 4). It was certainly not Plaintiff's choice to pursue the arbitration; indeed, she made clear to the Court the various ways in which she felt she had been disrespected in 2014, and her unwillingness to submit voluntarily to further arbitration. (*See* Dkt. #41 at 25-28 (transcript of April 28, 2016 conference); Dkt. #74 (transcript of January 17, 2017 conference)). The Court was constrained by precedent to grant Defendant's motion to compel arbitration. *See Crawley II*, 2017 WL 2297018, at *6. Moreover, the Court is concerned that its initial decision sustaining Plaintiff's EPA claim in this litigation may have imbued her, incorrectly, with hope that the claim would succeed in arbitration — or, at the very least, that it would survive a claim of preclusion. *See Crawley I*, 2016 WL 6993777, at *5-6. The Court would never presume to intrude on the arbitration proceedings, but wanted to set forth its concerns that its own conduct may have influenced Plaintiff's positions in the 2017 arbitration.

9

status is denied for purposes of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: October 11, 2018
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*
Roseann Crawley
656 Veterans Highway, Apt. 1C
Hauppauge, NY 11788